165 So. 869

## HOWELL v. STATE.

### 4 Div. 225.

Court of Appeals of Alabama.
Jan. 14, 1936.

Rehearing Granted Feb. 18, 1936.

Chauncey Sparks, of Eufaula, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

At the Spring term, 1935, of the circuit court of Barbour county this appellant was indicted by the grand jury, charged with a violation of section 3883 of the Code 1923. Said section of the Code reads as follows: "Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, or at or within the curtilage of any private residence, not his own, where one or more persons are present, and manifests a drunken condition by boisterous or indecent conduct, or loud and profane discourse, must, on conviction, be fined not

less than five nor more than one hundred dollars to be paid in money only."

At the same term of the court he was tried upon said indictment and convicted; the jury returned the verdict, to wit: "We the jury find the defendant guilty and assess a fine of $10.00." In sentencing this appellant, the court added three months' hard labor for the county as additional punishment. In so doing, the court fell into error, as such additional punishment is not authorized in the statute, supra. In a case of this character, the statue fixes with certainty the punishment, and neither the jury nor the trial court can change, alter, modify, or enlarge upon the express provisions of this statute.

The appeal here was submitted upon the record proper, and this court inadvertently "affirmed" the judgment of conviction on January 14, 1936; the matter of excessive punishment inflicted not having been brought to the court's attention.

The point raised upon the application for rehearing is well taken, and is sustained. The rehearing is granted, the judgment of affirmance, supra, is set aside and held for naught, so far as relates to the unauthorized punishment added by the court. The cause is remanded to the lower court for proper sentence in accordance with the verdict of the jury under the statute, supra. The judgment of conviction is affirmed.

Affirmed in part.

Remanded for proper sentence.